FILED

2009 Aug-27  PM 03:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:**_____ |
| | ) | |
| **v.** | ) | **Pending in Tuscaloosa County** |
| | ) | **District Court as DV-2009-900423** |
| | ) | |
| **HUNTER WARFIELD, INC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>NOTICE OF REMOVAL</u>

COMES NOW the defendant Hunter Warfield, Inc. ("Hunter Warfield"), and hereby removes the above styled action from the District Court of Tuscaloosa County pending as Civil Action Number: DV-2009-900423, to this United States District Court for the Northern District of Alabama, Western Division by stating as follows:

1.      The Plaintiff served Hunter Warfield with the Summons and Complaint on or about July 27, 2009.

2.      The complaint alleges invasion of privacy by intrusion upon seclusion, and negligent and wanton hiring and supervision based upon State law claims. The complaint also alleges violations of the Fair Debt Collection Practices Act ("FDCPA").

3.      The United States District Court for the Northern District of Alabama, Western Division encompasses the geographic area of the District Court of Tuscaloosa County, Alabama.

4.     Copies of all process and pleadings served upon Hunter Warfield in the state court including the Case Action Summary from the State Judicial Information System web site Alacourt.com are attached hereto as Exhibit A.

5.     Defendant Hunter Warfield gives prompt notice of its filing this Notice of Removal to all parties and to the District Court of Tuscaloosa County, Alabama, by filing a Notice of Filing Notice of Removal, attached hereto as Exhibit B, together with a copy of this Notice of Removal, in the District Court of Tuscaloosa County, Alabama, and by serving same on all parties as provided in 28 U.S.C. § 1446(d).

**<u>Jurisdiction Based Upon Federal Question</u>**

6.     Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.     The Plaintiff's complaint explicitly alleges claims against Hunter Warfield pursuant to the FDCPA.

8.     The FDCPA provides: "An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." 15 U.S.C. § 1692k(d).

9.     Actions brought in state court under the FDCPA are removable to the appropriate Federal District Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1263 (11th Cir. 1999).

10.    According to 28 U.S.C. § 1441(b), a defendant in a state court action may remove the action to a federal court if the federal district court has "original jurisdiction

founded on a claim or right arising under the Constitution, treaties, or laws of the United States."

11.    Moreover, removal pursuant to 28 U.S.C. § 1441(b) is proper "without regard to the citizenship or residence of the parties."

12.    When removal is based upon federal question jurisdiction, the defendant must demonstrate the existence of a federal question based on the well-pleaded complaint rule. *Marcus v. AT & T Corp.,* 138 F.3d 46, 52 (2d Cir.1998); *see also West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.,* 815 F.2d 188, 192 (2d Cir.1987) (stating "[t]he [well-pleaded complaint] rule provides that federal question jurisdiction exists only when the plaintiff's own cause of action is based on federal law . . . and only when plaintiff's well-pleaded complaint raises issues of federal law.").

13.    Because the complaint explicitly alleges claims against Hunter Warfield pursuant to the FDCPA, removal is proper under 28 U.S.C. § 1441(b).

## Diversity Jurisdiction

14.    In the event this Court should find federal question jurisdiction does not exist, this Court also has jurisdiction under 28 U.S.C. § 1332.

15.    Based on the complaint, the Plaintiff is a resident of Alabama at the time the complaint was filed.

16.    Based on the complaint, Hunter Warfield is a company whose principal place of business is in the State of Florida and is incorporated under the laws of the State of Maryland and, therefore, is not a citizen of the State of Alabama for the purpose of determining diversity jurisdiction. Accordingly, complete diversity exists.

17.     The complaint seeks the jurisdictional maximum for Alabama District Courts; however, pursuant to 15 U.S.C. § 1692k(d) "[a]n action to enforce any liability created by this title [15 USCS §§ 1692, *et. seq.*] may be brought in any appropriate United States district court without regard to the amount in controversy . . . ." Thus, diversity jurisdiction is proper.

## Supplemental Jurisdiction

18.     The Plaintiff's complaint also alleges invasion of privacy by intrusion upon seclusion, and negligent and wanton hiring and supervision based upon State law claims.

19.     To the extent these state law claims are not preempted by the FDCPA, this Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367(a) which states "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

20.     All of the state law claims and allegations contained in the complaint arise from Hunter Warfield's conduct alleged to be in violation of the FDCPA.  Therefore, these claims arise from the same case in controversy.

## Removal is Timely

21.     The Plaintiff filed her complaint on July 21, 2009, which raised a federal question by alleging a violation of the FDCPA.

22.     Per 28 U.S.C. § 1446(b): "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

23.     This action became removable on July 27 2009, when Hunter Warfield received a copy of the summons and complaint.

24.     Therefore, this notice is being filed with this Court within thirty (30) days after Plaintiff filed her complaint.

WHEREFORE, premises considered, Hunter Warfield respectfully requests this Court to enter an order effecting the removal of this action from the District Court of Tuscaloosa County, Alabama, to this Court and make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said District Court.

DATED this the 26th day of August, 2009.


_____
Neal D. Moore, III,
*Attorney for Defendant, Hunter Warfield, Inc.*


**OF COUNSEL:**
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

## CERTIFICATE OF SERVICE

This is to certify that on this the 26th day of August, 2009, I have served the foregoing on the following via first class mail.

John G. Watts
Watts Law Group PC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
john@wattslawgroup.com

M. Stan Herring
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
msh@mstanherringlaw.com

_____
OF COUNSEL

## IN THE DISTRICT COURT OF TUSCALOOSA, ALABAMA

| | |
|---|---|
| MICHAEL HARRIS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| V. | )   CASE NO: DV2009-900423 |
| | ) |
| HUNTER WARFIELD, INC, | ) |
| | ) |
| DEFENDANT. | ) |
| | ) |

## NOTICE TO CLERK OF FILING NOTICE OF REMOVAL

TO:   District Court Clerk of Tuscaloosa County
714 Greensboro Avenue
Tuscaloosa, Alabama  35401

YOU ARE HEREBY NOTIFIED of the filing of a Notice of Removal to the United States District Court for the Northern District of Alabama, Western Division, in the case of, *Michael Harris v. Hunter Warfield, Inc.,*  Case No. DV2009-900423, in the District Court of Tuscaloosa, Alabama, in accordance with the provisions of 28 U.S.C. §1446. A copy of the Notice of Removal is attached hereto as Exhibit 1.

Dated this the 26th day of August, 2009.

Respectfully Submitted,

_____
Neal D. Moore, III,
*Attorney for Defendant, Hunter Warfield, Inc.*

{W0237447.1}

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama  35243
(205)879-8722

## CERTIFICATE OF SERVICE

  This is to certify that on this the 26th day of August, 2009, I have served the foregoing on the following via first class mail.

John G. Watts
Watts Law Group PC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
john@wattslawgroup.com

M. Stan Herring
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
msh@mstanherringlaw.com

OF COUNSEL

# EXHIBIT "1"



alacourt.com™

Support Forums | Lo

The Alabama Trial Court Systems at your desk

| Main Menu

Company Name: FERGUSON FROST & DODSON          User ID: AMY          Last login Date: 8/26/2009 Time: 11:11 AM

REAL

| View Case Summary          Monitor Case          | Print Case Action Summary          Print Case

**Search**
- Party Search
- Case Lookup
- Attorney Search
- Warrant Search
- Witness Search
- Docket Search
- HotSheet™

**Tracking**
- Attorney Tracker
- Case Monitor
- Name Tracker
- Reminders

**Desktop**
- My Alacourt
- My Attorney

**Administration**
- Update User Info

County: **TUSCALOOSA** Case Number: DV-2009-900423.00

Style: **MICHAEL HARRIS V. HUNTER WARFIELD, INC.**
Type: **MISC DV CASE**

Related Cases

## Case

### Case Information

| | |
|---|---|
| County: | **TUSCALOOSA** |
| Case Number: | DV-2009-900423.00 |
| JID: | **DDD:GUIN/CHANDLER** |
| Trial: | Bench |
| Style: | MICHAEL HARRIS V. HUNTER WARFIELD, INC. |
| Filed: | **07/21/2009** |

### Case Type

| | |
|---|---|
| Code: | **DVXX** |
| Type: | MISC DV CASE |
| Track: | |
| Status: | R:READY TR |
| Plaintiffs: | **001** |
| Defendants: | **001** |

### Court Action

| | |
|---|---|
| DJID: | |
| Court Action: | |
| Court Date: | |
| Judgment For: | |
| Trial days: | **0** |

### Damages

| | |
|---|---|
| Amount: | **$10000.00** |
| Compensatory: | |
| Punitive: | |
| General: | |
| None: | |

### Other Actions

| | | | |
|---|---|---|---|
| Cont Date: | Cont #: | 00000000 | Why: |
| RevJmt: | Admin Date: | | Why: |
| Appeal Date: | Court: | | Case: | 00-0000-000000.00 |
| Mistrial: | 00000000 | | TBNV2: |
| DSDT: | | | DTYP: |

### Comments

| | |
|---|---|
| Comment 1: | |
| Comment 2: | |

## Settings

## Parties

## Consolidated Case Action Summary

### Consolidated Case Action Summary 63DV200990042300

| Date | Time | Code | Comments | Oper. |
|---|---|---|---|---|
| 07/21/2009 | 22:46:58 | EFILE | COMPLAINT - SUMMONS | |

| 07/21/2009 22:47:39 EFILE | COMPLAINT E-FILED. | WAT0 |
| 07/21/2009 22:48:14 FILE | FILED THIS DATE: 07/21/2009 (AV01) | AJA |
| 07/21/2009 22:48:15 EORD | E-ORDER FLAG SET TO "N" (AV01) | AJA |
| 07/21/2009 22:48:16 ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 07/21/2009 22:48:17 STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 07/21/2009 22:48:18 ASSJ | ASSIGNED TO JUDGE: GUIN/CHANDLER (AV01) | AJA |
| 07/21/2009 22:48:19 TDMN | BENCH/NON-JURY TRIAL REQUESTED (AV01) | AJA |
| 07/21/2009 22:48:20 SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 07/21/2009 22:48:21 C001 | C001 PARTY ADDED: HARRIS MICHAEL (AV02) | AJA |
| 07/21/2009 22:48:22 EORD | C001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 07/21/2009 22:48:23 ATTY | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN | AJA |
| 07/21/2009 22:48:24 ATTY | LISTED AS ATTORNEY FOR C001: HERRING M STAN (AV02) | AJA |
| 07/21/2009 22:48:26 D001 | D001 PARTY ADDED: HUNTER WARFIELD, INC. (AV02) | AJA |
| 07/21/2009 22:48:27 ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 07/21/2009 22:48:28 SUMM | CERTIFIED MAI ISSUED: 07/21/2009 TO D001 (AV02) | AJA |
| 07/21/2009 22:48:29 EORD | D001 E-ORDER FLAG SET TO "N" (AV02) | AJA |
| 07/22/2009 12:08:00 TEXT | CM# 70081140000449369626 | JEK |
| 07/31/2009 10:50:18 ESERC | SERVICE RETURN - TRANSMITTAL | |
| 07/31/2009 10:51:16 SERC | SERVICE OF CERTIFIED MAI ON 07/27/2009 FOR D001 | AJA |
| 08/12/2009 16:42:31 EANSW | ANSWER - TRANSMITTAL | MOOC |
| 08/12/2009 16:43:23 EANSW | D001 - COMPLAINT DENIED E-FILED. | MOOC |
| 08/12/2009 16:47:23 ATTY | LISTED AS ATTORNEY FOR D001: MOORE NEAL DEWITT II | AJA |
| 08/12/2009 16:47:24 ANSW | ANSWER OF COMP DENIED ON 08/12/2009 FOR D001(AV02) | AJA |
| 08/19/2009 10:12:05 STAT | CASE ASSIGNED STATUS OF: READY TR (AV01) | BRB |

**Images**    63-DV-2009-900423.00

**Witness List**

**Financial**

**Motions**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-DV-2009-900423.00 |
|---|---|---|

### IN THE CIVIL COURT OF TUSCALOOSA, ALABAMA
### MICHAEL HARRIS v. HUNTER WARFIELD, INC.

**NOTICE TO**   HUNTER WARFIELD, INC., C/O CORPORATION SRVC CO. 1201 HAYS STREET, TALLAHASSEE, FL 32301

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY JOHN GRIFFIN WATTS

WHOSE ADDRESS IS 700 29th Street South, Suite 201, BIRMINGHAM, AL 35233

THE ANSWER MUST BE MAILED WITHIN 14 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   MICHAEL HARRIS
pursuant to the Alabama Rules of the Civil Procedure

| 7/21/2009 10:47:40 PM | /s ELIZABETH HAMNER | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s JOHN GRIFFIN WATTS
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____          _____
Date                                        Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | COVER SHEET<br>DISTRICT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>**63-DV-2009-**<br>Date of Filing:<br>07/21/2009 | ELECTRONICALLY FILED<br>7/21/2009 10:47 PM<br>DV-2009-900423.00<br>DISTRICT COURT OF<br>TUSCALOOSA COUNTY, ALABAMA<br>ELIZABETH HAMNER, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE DISTRICT OF TUSCALOOSA COUNTY, ALABAMA
### MICHAEL HARRIS v. HUNTER WARFIELD, INC.

**First Plaintiff:** ☐ Business  ☑ Individual   **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other   ☐ Government  ☐ Other

### NATURE OF SUIT:

☐ CTEM-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ AUTO-Autodamages/Subrogation/Promissory Note
☐ DISP-Non-Account Dispute: Roomate/Neighbor/Animal
☐ EVIC-Eviction
☐ GDAM-General Damages
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ RECP-Recover Property
☑ DVXX-Miscellaneous District Civil Case
☐ TOXX - Other: _____

**ORIGIN:**   F ☑ INITIAL FILING   O ☐ OTHER

R ☐ REMANDED   _____

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   WAT056   7/21/2009 10:44:56 PM   /s JOHN GRIFFIN WATTS

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No  ☐ Undecided

ELECTRONICALLY FILED
7/21/2009 10:47 PM
DV-2009-900423.00
DISTRICT COURT OF
TUSCALOOSA COUNTY, ALABAMA
ELIZABETH HAMNER, CLERK

## IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL HARRIS, an individual, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )      **Civil Action No.:** |
| | ) |
| HUNTER WARFIELD, INC., a | ) |
| Corporation, | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## PARTIES

2.  Plaintiff Michael Harris (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3.  Defendant Hunter Warfield, Inc., ("Defendant" or "HWI") is a foreign debt collection firm that engages in the business of debt collection. It conducts business in this Judicial District. Its principal place of business is in the State of Florida and it is incorporated in Maryland.

## FACTUAL ALLEGATIONS

4.   The Defendant attempted to collect a debt allegedly incurred for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5.   Supposedly, Defendant purchased or was assigned or otherwise was collecting the debt and began harassing collection activities against Plaintiff.

6.   Defendant made one or more phone calls to Plaintiff's phone.

7.   Defendant refused to give the mini-Miranda as required when leaving voicemails in its efforts to collecting the debt.

8.   The harassing and repeated phone calls have been made this year.

## SUMMARY

9.   All of the above-described collection communications made to Plaintiff by Defendant and collection agents of Defendant were made in violation of the FDCPA.

10.   The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

11.   This series of abusive collection actions by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

12.   Defendant's attempts to collect this debt from Plaintiff and refusal to stop violating the law is an invasion of Plaintiff's privacy and his right to be left alone.

13.   Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset,

humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

14.     Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including the failure to give the required mini-miranda warning.

17.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

18.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

-3-

19.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

20.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

21.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

22.   Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.   This includes the calls and the illegal pull of Plaintiff's credit report.

23.   Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

24.    Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

25.    The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

26.    As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

27.    All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT III.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

28.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29.    Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors, and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in the total amount of $10,000.00 as set forth below:

## COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- for such other and further relief as may be just and proper.

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

## COUNT III.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

- for an award of actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations and intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors in an amount to be determined at trial for Plaintiff;

- punitive damage; and

- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, PC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring (HER037)**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**Serve defendant via certified mail at the following address:**

Hunter Warfield, Inc.
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301



**AlaFile E-Notice**

63-DV-2009-900423.00
Judge: GUIN/CHANDLER

To: WATTS JOHN GRIFFIN
john@wattslawgroup.com

# NOTICE OF SERVICE

### IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

**MICHAEL HARRIS V. HUNTER WARFIELD, INC.**
**63-DV-2009-900423.00**

The following matter was served on 7/27/2009

**D001**
**CERTIFIED MAIL**

**MAGARIA HAMNER BOBO**
**CIRCUIT COURT CLERK**
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

205-349-3870
magaria.bobo@alacourt.gov



**AlaFile E-Notice**

63-DV-2009-900423.00

Judge: GUIN/CHANDLER

To: HERRING M STAN
msh@mstanherringlaw.com

# NOTICE OF SERVICE

IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

**MICHAEL HARRIS V. HUNTER WARFIELD, INC.**
**63-DV-2009-900423.00**

The following matter was served on 7/27/2009

**D001**
**CERTIFIED MAIL**

**MAGARIA HAMNER BOBO**
**CIRCUIT COURT CLERK**
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

205-349-3870
magaria.bobo@alacourt.gov



**AlaFile E-Notice**

63-DV-2009-900423.00

To: NEAL D. MOORE
ndm@ffdlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

**MICHAEL HARRIS v. HUNTER WARFIELD, INC.**
**63-DV-2009-900423.00**

The following answer was FILED on 8/12/2009 4:43:24 PM

Notice Date:     8/12/2009 4:43:24 PM

**ELIZABETH HAMNER**
**DISTRICT COURT CLERK**
TUSCALOOSA COUNTY, ALABAMA
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

205-349-3870
libby.hamner@alacourt.gov



**AlaFile E-Notice**

63-DV-2009-900423.00

To:  HUNTER WARFIELD, INC. (PRO SE)
C/O CORPORATION SRVC CO.
1201 HAYS STREET
TALLAHASSEE, FL 32301

# NOTICE OF ELECTRONIC FILING

IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

**MICHAEL HARRIS v. HUNTER WARFIELD, INC.**
**63-DV-2009-900423.00**

The following answer was FILED on 8/12/2009 4:43:24 PM

Notice Date:      8/12/2009 4:43:24 PM

**ELIZABETH HAMNER**
**DISTRICT COURT CLERK**
TUSCALOOSA COUNTY, ALABAMA
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

205-349-3870
libby.hamner@alacourt.gov



**AlaFile E-Notice**

63-DV-2009-900423.00

To:  WATTS JOHN GRIFFIN
      john@wattslawgroup.com

# NOTICE OF ELECTRONIC FILING

IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

**MICHAEL HARRIS v. HUNTER WARFIELD, INC.**
**63-DV-2009-900423.00**

The following answer was FILED on 8/12/2009 4:43:24 PM

Notice Date:     8/12/2009 4:43:24 PM

**ELIZABETH HAMNER**
**DISTRICT COURT CLERK**
TUSCALOOSA COUNTY, ALABAMA
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

205-349-3870
libby.hamner@alacourt.gov



**AlaFile E-Notice**

63-DV-2009-900423.00

To:  HERRING M STAN
     msh@mstanherringlaw.com

# NOTICE OF ELECTRONIC FILING

IN THE DISTRICT COURT OF TUSCALOOSA COUNTY, ALABAMA

**MICHAEL HARRIS v. HUNTER WARFIELD, INC.**
**63-DV-2009-900423.00**

The following answer was FILED on 8/12/2009 4:43:24 PM

Notice Date:       8/12/2009 4:43:24 PM

**ELIZABETH HAMNER**
**DISTRICT COURT CLERK**
TUSCALOOSA COUNTY, ALABAMA
POST OFFICE BOX 2883
TUSCALOOSA, AL 35403

205-349-3870
libby.hamner@alacourt.gov

ELECTRONICALLY FILED
8/12/2009 4:43 PM
DV-2009-900423.00
DISTRICT COURT OF
TUSCALOOSA COUNTY, ALABAMA
ELIZABETH HAMNER, CLERK

## IN THE DISTRICT COURT OF TUSCALOOSA, ALABAMA

| | | |
|---|---|---|
| MICHAEL HARRIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | CASE NO: DV2009-900423 |
| | ) | |
| HUNTER WARFIELD, INC, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## ANSWER

COMES NOW the defendant, Hunter Warfield, Inc., and responds to the Complaint in this matter as follows:

1.    The defendant denies any violation of the FDCPA or Alabama common law.

### Parties

2.    On information and belief, the defendant admits the plaintiff is a resident of the state of Alabama.    The defendant has insufficient information to admit that the plaintiff is a consumer as defined by the FDCPA.

3.    The defendant admits it is a foreign business that engages, from time to time, in debt collection practices as defined by the FDCPA.

### Factual Allegations

4.    The defendant admits it attempted to collect a debt owed by the plaintiff but has insufficient information to admit whether the debt was incurred for personal, family, or household purposes.

{W0236300.1 }

5.      The defendant admits collecting the debt but denies harassing collection activities.

6.      Admitted.

7.      Denied.

8.      Denied.

## Summary

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

## Negligent and Wanton Hiring and Supervision

14.     Denied.

## Causes of Action
## Count One – Violations of the Fair Debt Collection Practices Act

15.     The defendant reincorporates its previous responses as if fully set out herein.

16.     Denied.

17.     Denied.

## Count Two – Invasion of Privacy by Intrusion upon Seclusion

18.     The defendant reincorporates its previous responses as if fully set out herein.

{W0236300.1 }

19.     Denied.

20.     The defendant denies any violation of the Fair Debt Collection Practices Act.

21.     The defendant denies any violation of the Gramm Leech Boiley Act.

22.     Denied.

23.     Denied.

24.     This averment seeks a legal conclusion and does not require an admission or a denial.

25.     Denied.

26.     Denied.

27.     Denied.

### Count Three – Negligent and Wanton Hiring and Supervision

28.     The defendant reincorporates its previous responses as if fully set out herein.

29.     Denied.

### Prayer for Relief

The defendant denies the plaintiff is entitled to the relief requested and demands strict proof thereof, including the specific items of recovery requested in the unnumbered paragraphs which follow the "Prayer for Relief" in the Complaint.

### Affirmative Defenses

1.     The defendant pleads the general issue.

2.     The defendant pleads not guilty.

3.      The defendant pleads the Complaint fails to state a claim or cause of action against it upon which relief can be granted.

4.      The defendant pleads improper venue.

5.      The defendant pleads lack of jurisdiction.

6.      The defendant pleads failure to mitigate damages.

7.      The defendant pleads, to avoid waiver, contributory negligence.

8.      The defendant pleads lack of causation.

9.      The defendant denies the plaintiff has suffered any damages arising from any action, error, or omission of this defendant.

10.     The defendant pleads all or some of the state law claims asserted by the plaintiff are preempted by applicable federal law.

11.     The Plaintiff cannot recover punitive damages against this Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the United States and Alabama Constitutions unless defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

12.     The imposition of punitive damages in this case without any limitations or guidelines for the jury will violate this Defendant's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

{W0236300.1 }

13.    Defendant avers that the imposition of an award of punitive damages against this Defendant based upon the principle of joint and several liability amounts to an excessive fine imposed against this Defendant in violation of the rights secured to it by the Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America.

14.    The failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against a joint tortfeasor, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against this Defendant for acts of negligence, wantonness, misrepresentation, fraud or other wrongdoing that this Defendant did not commit, in contradiction of the rights afforded it by the Fourteenth Amendment to the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

15.    This Defendant avers that the law of the State of Alabama, by imposing joint and several liability on this Defendant for the acts of others operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity or culpability of other defendants joined in this action and thereby deprives this Defendant of his property without due process of law in contravention of Amendments Five and Fourteen to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama.

16.    Defendant avers that § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages

or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by the Plaintiff in this case.

17.     Defendant avers that the public policy of the State of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limit on punitive damages recoverable (if any) by the Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state.

18.     Defendant denies any acts of omission or commission which give rise to Plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Alabama Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

19.     The defendant reserves the right to assert any additional affirmative defenses as discovery continues.

Respectfully Submitted,

/s/ Neal D. Moore, III
Neal D. Moore, III,
*Attorneys for Defendant,*
*Hunter Warfield, Inc.*

OF COUNSEL:
FERGUSON, FROST & DODSON, LLP
2500 Acton Road, Suite 200
Birmingham, Alabama 35243
(205)879-8722

{W0236300.1 }



## CERTIFICATE OF SERVICE

This is to certify that on this the 12th day of August, 2009, I have served the foregoing on the following via E-File:

John G. Watts
Watts Law Group PC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
john@wattslawgroup.com

M. Stan Herring
M. Stan Herring, P.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
msh@mstanherringlaw.com


    /s/ Neal D. Moore, III
OF COUNSEL